UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHANIE C. SHENG, | ) | |
| ALEX SHENG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03864-JRS-TAB |
| | ) | |
| WILLIAM A. BISSONNETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

Defendant William Bissonnette moves to compel production of Plaintiff Stephanie Sheng's medical records from her treatment with psychologist Dr. Stephen Malinoski. In her suit against Bissonnette, Sheng claims a brain injury affecting her cognitive functioning. Bissonnette argues he is entitled to the records because they are causally and historically related to Sheng's claimed injuries. Sheng responds that her treatment with Dr. Malinoski began years before the incident and primarily concerns topics that occurred before she began seeing Dr. Malinoski. Bissonnette replies that Dr. Malinoski treated Sheng for some of the same symptoms Sheng claims were caused by the incident, which puts the cause of those symptoms at issue and waives the doctor-patient privilege. For the reasons discussed below, the Court grants Bissonnette's motion to compel. [Filing No. 39.] Sheng put causation of her claimed neuropsychological symptoms at issue, and therefore these disputed medical records are fair game.

The physician-patient privilege is not absolute, and "the plaintiff waives [her] physician-patient privilege with respect to matters related to the physical or mental condition involved." *Ley v. Blose*, 698 N.E.2d 381, 384 (Ind. App. 1998) (citing *Barnes v. Barnes*, 603 N.E.2d 1337,

1343 (Ind. 1992)). Specifically, the physician-patient privilege does not protect "those matters causally and historically related to the condition put in issue and which have a direct medical relevance to the claim, counterclaim or defense made." *Canfield v. Sandock*, 563 N.E.2d 526, 529 (Ind. 1990) (quoting *Collins v. Bair*, 268 N.E.2d 95, 101 (Ind. 1971)).

Dr. Malinoski's records have direct medical relevance to establishing or contesting the causal link between the incident at issue and Sheng's injuries. Sheng claims that the incident caused "memory loss, confusion, fatigue, impairment of cognitive function, light sensitivity, loss of balance, ringing in her ears and extreme sensitivity to sound and volume." [Filing No. 43, at ECF p. 3.] Bissonnette additionally points to the neuropsychological exam Dr. Temperance Evans performed in August 2017, in which Dr. Evans found that in the year since the incident, Sheng had severe issues with anger, irritability, sleeplessness, sadness, depression, anxiety, nervousness, and emotionality. [Filing No. 48, at ECF p. 2.] Dr. Malinoski's 2013 psychological evaluation, which Sheng produced subject to a protective order, says Sheng had similar and overlapping symptoms. This similarity between symptoms from before and after the incident calls causation into question, making Dr. Malinoski's records causally and historically relevant to Sheng's claimed injuries.

Therefore, the Court grants Bissonnette's motion to compel. [Filing No. 39.] Sheng must produce her medical records from her treatment with Dr. Malinoski within 14 days of this order.

Date: 9/27/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Betsy Katherine Greene
GREENE & SCHULTZ
betsy@greeneschultz.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Bradley J Schulz
STATE FARM LITIGATION COUNSEL
indi.law-indyclc.366L18@statefarm.com