UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STEPHANIE C. SHENG,　　　　　)
ALEX SHENG,　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　)
　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　)　　　No. 1:17-cv-03864-JRS-TAB
　　　　　　　　　　　　　　　)
WILLIAM A. BISSONNETTE,　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　)
_____)
　　　　　　　　　　　　　　　)
STATE FARM MUTUAL AUTOMOBILE　)
INSURANCE COMPANY,　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　Intervenor Defend-　)
　　　　　　　ant.　　　　　　　)

## ORDER ON MOTIONS TO EXCLUDE EXPERT TESTIMONY

### (ECF Nos. 71 & 73)

This matter is set for trial on September 30, 2019. Intervening Defendant State

Farm Mutual Automobile Insurance Company (State Farm), by counsel, filed its Mo-

tion to Exclude Expert Testimony, which requests that this Court exclude the testi-

mony of Plaintiff's chiropractic providers that goes beyond the scope of chiropractic

practice and causally connects the Plaintiff's medical issues with the subject accident.

Defendant Bissonnette also moves to exclude the chiropractors' testimony and joins

State Farm's arguments in full.  The Court, having considered said Motions, now

finds that the Motions should be **DENIED**, without prejudice, with opportunity for leave to refile when the relevant facts are further developed.

## I. Background

Plaintiffs Stephanie and Alex Sheng demand judgment for medical expenses, lost wages, and damages for alleged personal injuries suffered by Stephanie Sheng resulting from an automobile accident with the Defendant, William Bissonnette. (ECF No. 5, First Am. Compl. ¶¶ 3–7.)  State Farm intervened in this action and moved to exclude or limit testimony by three of the Plaintiffs' witnesses, chiropractors hired to treat Stephanie Sheng's alleged injuries: Carolyn Fancher, D.C.; Darcy Fox, D.C.; and Merry Harris, D.C.  State Farm alleges these witnesses' records discuss medical issues.  (*See* ECF No. 72 at 2, Mem. Supp. Intervening Def.'s Mot. Suppress Expert Test. (hereinafter Def.'s Mem.).)  Consequently, State Farm believes these witnesses may testify regarding such issues beyond their area of expertise. *Id.*  However, the testimony by the relevant witnesses has not yet been taken.

## II. Legal Standard

### A.  *Ruling on Motions in Limine*

Included in the district court's inherent authority to manage trials is the broad discretion to rule on motions *in limine*.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir.  2002).  A ruling on a motion *in limine* is interlocutory.  *See Clarett v. Roberts*, 657 F.3d 664, 669–71 (7th Cir. 2011).  A district court may adjust a motion *in limine* during the course of a trial.  *See Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006) (citing *Luce v. United States*, 469 U.S.  38,

41–42 (1984)). A pre-trial ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Unless evidence clearly is not admissible for any purpose at the time of a motion *in limine*, final evidentiary rulings should be deferred until trial so questions of foundation, relevancy, and potential prejudice may be resolved in context. *See United States v. Lopez*, 161 F. Supp. 3d 660, 662 (S.D. Ind. 2015); *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

## B. *Admission of Expert Testimony*

Federal Rule of Evidence 702 and the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admission of expert testimony in federal courts, even in diversity cases. *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015). Rule 702 provides, in relevant part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) the testimony is based on sufficient facts or data;
> c) the testimony is the product of reliable principles or methods; and
> d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

*Daubert* requires that an expert's testimony is both reliable and relevant. 509 U.S. at 592–93. The Seventh Circuit has set forth a three-step analysis in applying

the *Daubert* standard: "(1) the witness must be qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and (3) the testimony must assist the trier of fact to understand evidence or to determine a fact in issue." *Tyler v. JP Operations, LLC*, 342 F. Supp. 3d 837, 844 (S.D. Ind. 2018) (citing *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007)). Importantly, the inquiry should be conducted "flexibly to account for the various types of potentially appropriate expert testimony." *Tyler*, 342 F. Supp. 3d at 844 (citing *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 505 (7th Cir. 2003)).

### III. Discussion

State Farm relies on law from several jurisdictions to support the assertion that chiropractors may not testify regarding medical issues or causation. This Court determines that Federal law governs the admissibility of expert testimony at issue, and, under such law, chiropractors are not prohibited from testifying about medical issues or causation in all circumstances. Thus, without a particularized showing of medical testimony that is unquestionably beyond the expertise of the chiropractors, State Farm has not carried its burden under *Daubert* or Rule 702 for excluding this evidence.

A. *Federal Law Does Not Prohibit All Medical Testimony from Chiropractors*

First, State Farm offers support from Washington, Indiana, Oklahoma, and Delaware law supporting that chiropractors are restricted from providing testimony about the cause of medical issues. (*See* ECF No. 72, Def.'s Mem. at 2–3.) However,

as stated, the Federal Rules of Evidence and *Daubert* standards govern the admissibility of evidence in diversity cases. *See C.W.*, 807 F.3d at 834; *Wallace v. McGlothan*, 606 F.3d 410, 419 (7th Cir. 2010). Under this framework, the admissibility of chiropractic testimony is fact-dependent and ill-suited for preliminary challenge.

Even if state law were applied though, the same conclusion is reached: Chiropractors are not prohibited from testifying regarding all medical issues. State Farm relies on *Totton v. Bukofchan*, 80 N.E. 3d 891 (Ind. Ct. App. 2017), to support the assertion that non-physician healthcare providers are not qualified to render expert opinions as to medical causation.[1] However, *Totton* specifically states "there is not a blanket rule that prohibits non-physician healthcare providers from qualifying as expert witnesses as to medical causation under [Indiana] Evidence Rule 702." *Id.* at 894. Furthermore, the court in *Totton* held that a non-physician healthcare provider may testify as to medical causation if the witness is determined to have "sufficient expertise regarding the factual circumstances giving rise to the patient's injuries." *Id.*

B. *Admissibility of the Chiropractors' Testimony Cannot Be Determined*

Here, without the actual testimony from the relevant witnesses, it is impossible to determine whether the witnesses have sufficient expertise to offer such testimony. State Farm asserts the chiropractors "appear to discuss medical issues as opposed to chiropractic complaints." (ECF No. 72, Def.'s Mem. at 2.) However, chiropractic

---

[1] Indiana substantive law, as the forum with the "most intimate contacts" with the case, would apply. *See Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)) (stating federal courts sitting in diversity apply choice-of-law rules of state in which they sit); *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997) (applying "most intimate contacts" choice-of-law test to insurance contracts).

testimony on medical issues is admissible if the court determines the witness meets the standards of Rule 702 and *Daubert*. Plaintiffs have not been provided opportunity to lay foundation for admission of such testimony. State Farm has not demonstrated that the speculated testimony could not reasonably be within a chiropractor's area of expertise. Until the relevant witnesses are actually deposed, regardless of the topics discussed in their medical records, the Court cannot properly determine that the evidence is clearly inadmissible.

Accordingly, for the foregoing reasons, Defendants' Motions to Exclude Expert Testimony (ECF Nos. 71 & 73) are **DENIED**, without prejudice, with opportunity for leave to refile when the relevant facts are further developed.

Date: 5/31/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution via CM/ECF to all registered counsel of record